UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

STANLEY RIMER,

                Plaintiff,

v.

BRIAN SANDOVAL et al.,

                Defendants.

3:15-cv-00105-RCJ-VPC

**ORDER**

Plaintiff sued Defendants based on their denial of his parole. The Court dismissed upon screening. The Court of Appeals affirmed insofar as the claims were based on the denial of parole but remanded for the Court to renter judgment on those claims without prejudice (because the claims could potentially be brought in habeas corpus) and to consider in the first instance whether Plaintiff had stated a claim based on the denial of contact with his wife, also a prisoner, but who had received parole on the condition that she not associate with Plaintiff. *See Overton v. Bazzetta*, 539 U.S. 126, 131 (2003); *Bd. of Dirs. of Rotary Int'l v. Rotary Club of Duarte*, 481 U.S. 537, 545 (1987).

**I.    SCREENING STANDARDS**

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or its officers or employees. 28 U.S.C. § 1915A(a). The court must identify

cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim, or seek monetary relief from an immune defendant. *See* 28 U.S.C. § 1915A(b). This includes claims based on fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Also, when a prisoner seeks to proceed without prepayment of fees, a court must dismiss if "the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

When screening claims for failure to state a claim, a court uses the same standards as under Rule 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency, *see N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983), and dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A court treats factual allegations as true and construes them in the light most favorable to the plaintiff, *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986), but does not accept as true "legal conclusions . . . cast in the form of factual allegations." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). A plaintiff must plead facts pertaining to his case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has

any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Also, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record" if not "subject to reasonable dispute." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) violation of a right secured by the Constitution or laws of the United States (2) by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**II.    ANALYSIS**

**A.    Count I**

Plaintiff alleges that his wife's parole officer has denied her contact with him. As the Court of Appeals noted, there is a First Amendment right of freedom of association that is not entirely lost when incarcerated, *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003), and familial

- 3 -

relationships generally have enhanced protection in First Amendment contexts, *Bd. Of Dirs. of Rotary Int'l v. Rotary Club of Duarte*, 481 U.S. 537, 545 (1987). But even assuming there was no justification for the denial—and there likely was, i.e., the commonplace prohibition against parolees associating with prisoners and/or known felons—Plaintiff has no standing to assert a claim here. *See, e.g.*, *Chambliss-Partee v. Knapp*, No. 5:15-cv-435, 2015 WL 13019616, at *3 (N.D.N.Y. May 7, 2015) (holding that a plaintiff had no standing to challenge her husband's parole officer's denial of permission to reside with her). Plaintiff's wife must bring such a claim, if she wishes to. Plaintiff does not allege that he has had any conditions restricting contact with his wife put onto him for which he might be punished if he violates them. The Court will give Plaintiff leave to amend to make such allegations if he can.

**B.    Amendment**

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the First Amendment claim. If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes (replaces) the original Complaint and, thus, the amended complaint must be complete in itself. *See, e.g.*, *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies in the First Amendment claim as outlined in this order, Plaintiff shall file it within 28 days from the date of this Order. If Plaintiff fails to timely file an amended complaint curing the stated deficiencies, the Court may dismiss with prejudice without further notice.

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Judgment (ECF No. 9) is VACATED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment without prejudice as to the claims challenging the denial of parole.

IT IS FURTHER ORDERED that the First Amendment claim is DISMISSED, with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint curing the deficiencies of the Complaint as outlined in this Order, he shall file the amended complaint within twenty-eight (28) days of the date of this Order.

IT IS FURTHER ORDERED that the Clerk shall send Plaintiff the approved form for filing a § 1983 complaint with instructions and a copy of the original Complaint (ECF No. 1-1). If Plaintiff chooses to file an amended complaint, he must use the approved form and shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, the Court will screen it in a separate screening order. The screening process may take several months.

IT IS FURTHER ORDERED that if Plaintiff fails to timely file an amended complaint, the Court may dismiss the case with prejudice without further notice.

Dated this May 22, 2018.

_____
ROBERT C. JONES
United States District Judge