UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

STANLEY RIMER,

        Plaintiff,

v.

BRIAN SANDOVAL et al.,

        Defendants.

3:15-cv-00105-RCJ-VPC

**ORDER**

   Plaintiff sued Defendants based on the denial of his parole. The Court dismissed upon screening. The Court of Appeals affirmed in part but remanded for the Court to reenter judgment without prejudice (because the claim could potentially be brought in habeas corpus) and to consider in the first instance whether Plaintiff had stated a claim based on the denial of contact with his wife, also a prisoner, but who had received parole on the condition that she not associate with Plaintiff. *See Overton v. Bazzetta*, 539 U.S. 126, 131 (2003); *Bd. of Dirs. of Rotary Int'l v. Rotary Club of Duarte*, 481 U.S. 537, 545 (1987). The Court dismissed, with leave to amend, because Plaintiff did not allege that he had had any conditions restricting contact with his wife put onto him. He complained of the condition put onto his wife by her parole officer, but he had no standing to assert his wife's claims. Plaintiff has filed the First Amended Complaint ("FAC"), and the Court now screens it.

**I.     SCREENING STANDARDS**

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or its officers or employees. 28 U.S.C. § 1915A(a).  The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim, or seek monetary relief from an immune defendant. *See* 28 U.S.C. § 1915A(b).  This includes claims based on fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Also, when a prisoner seeks to proceed without prepayment of fees, a court must dismiss if "the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

When screening claims for failure to state a claim, a court uses the same standards as under Rule 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency, *see N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983), and dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A court treats factual allegations as true and construes them in the light most favorable to the plaintiff, *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986), but does not accept as true "legal conclusions . . . cast in the form of factual allegations." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).  A plaintiff must plead facts pertaining to his case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Also, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record" if not "subject to reasonable dispute." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) violation of a right secured by the Constitution or laws of the United States (2) by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

///

///

## II. ANALYSIS

Plaintiff previously alleged that his wife's parole officer had denied her contact with him. But Plaintiff did not allege that he had had any conditions restricting contact with his wife put onto *him* for which *he* might be punished if he violated them, and he has no standing to assert a claim based on his wife's parole conditions. *See, e.g.*, *Gray-Davis v. Rigby*, No. 5:14-cv-1490, 2016 WL 1298131, at *7 (N.D.N.Y. Mar. 31, 2016) (parolee's wife and son had no standing to assert right of familial relations under § 1983 based on restrictions placed on parolee); *Chambliss-Partee v. Knapp*, No. 5:15-cv-435, 2015 WL 13019616, at *3 (N.D.N.Y. May 7, 2015) (same). The Court therefore dismissed, noting that Plaintiff's wife must bring a claim, if she wished to. The Court gave Plaintiff leave to amend. The FAC does not cure the defects previously noted. Plaintiff still does not allege any restrictions imposed upon him. Nor does he allege that his wife is unable to bring her own claim.

## CONCLUSION

IT IS HEREBY ORDERED that the First Amendment claim is DISMISSED, without leave to amend.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this 19th day of June, 2018.

_____
ROBERT C. JONES
United States District Judge